TAYLOR (WOOSTER v.). See Cases Nos. 18,040 and 18,041.

TAYLOR (WRIGHT v.). See Case No. 18,096.

TAYLOR, The ABNER. See Case No. 5,705.

TAYLOR, The JOHN. See Cases Nos. 7,428 and 7,429.

TAYLOR COUNTY (POST v.). See Case No. 11,302.

---

## Case No. 13,810.
### TAZAYMON v. TWOMBLEY.
[5 Sawy. 79.] [1]
Circuit Court, D. California. Feb. 25, 1878.

APPEAL — FROM CONSULAR COURT — TRANSCRIPT— RECORD—LOOSE PAPERS—ALLOWANCE OF APPEAL—CITATION.

1. The record on appeal from the consular court of Japan to the circuit court for the district of California, consists of a transcript of the libel, bill, answer, depositions and all other proceedings in the case.

2. The transcript should be a single document certified at the end as being a full and correct copy of the proceedings in the case, and authenticated by the official signature and seal of the consul.

3. Where on appeal from a consular court of Japan the record sent up consisted of a mass of loose, separate papers, some having the appearance of being originals and others of being copies not certified, or in any matter authenticated, the appellate court declined to take jurisdiction, and dismissed the appeal.

4. In cases of appeal from the consular and ministerial courts of China and Japan to the circuit court of the United States for the district of California, the record on appeal must show an allowance of the appeal.

5. A citation is necessary, unless the appeal is allowed in open court. Query, whether a citation is not always necessary, if the consular court has once adjourned after rendering a decree, there being no terms of such courts.

Appeal from the consular court at Hiogo, in the empire of Japan [in an action by Hashimoto Tazaymon, against John Fogg Twombley].

O. P. Evans, for appellant.
C. McAllister, for appellee.

SAWYER, Circuit Judge. This case purports to be an appeal from the United States consular court at Hiogo, in the empire of Japan. The papers having been filed in this court, counsel appears on behalf of the appellee, and moves to dismiss the appeal on the grounds: (1) That no authenticated transcript of the libel, bill, answer, depositions, and other proceedings has been transmitted to, or filed in, this court, as required by section 4093 of the Revised Statutes; and, con-

sequently, that there is no authentic record upon which the court can act; (2) that the papers filed show no allowance of an appeal; (3) that the papers do not show any citation to, or any service of citation upon the appellee.

The record filed consists of a mass of separate, loose papers, no one of which is certified to be a copy of any document on file in the court below; nor is it certified to be the original. Some would seem to be original documents, but they bear no marks or indorsements showing that they were ever filed in the consular court; others may be copies, but they are not certified to be copies of any part of the papers, records, or proceedings of the consular court. The papers, so far as authentication is concerned, might just as well have been brought here, and filed by any resident of Japan without ever having been in any court whatever. There is a personal letter, separate from the other papers, from the consul addressed to the judge of this court, stating that he has transmitted a matter of appeal to this court. It would certainly be very unsafe, even if there was no statute upon the subject, for the court to assume jurisdiction, and act upon such papers, or such a record. But the statute prescribes what the record transmitted shall be; and that is, "a transcript of the libel, bill, answer, depositions, and all other proceedings in the case."

This transcript should be a copy in chronological order of all the proceedings in the case from the beginning to the end, as a single document, and this should be certified at the end as being a full, true, and correct copy of the pleadings, depositions, and all other proceedings in the case; and that the same constitute the transcript on appeal to the circuit court; and it should be authenticated by the official signature and seal of the consul. The papers used in the court below should remain there as parts of the record of that court. The record should also show an allowance of the appeal; and where the appeal is not taken in open court, at the time of the rendition of the judgment or decree, and before adjournment of the court, the record should show a citation to the appellee, and due service thereof to appear in this court. See The Spark v. Lee Choi Chum [Case No. 13,206].

In that case, upon this point it is said: "It is objected that the record shows no order allowing the appeal, and no citation to the appellees. The section cited, it will be seen, provides that 'appeals shall be subject to the rules, regulations and restrictions prescribed in law for writs of error from district courts of the United States.' The twenty-second section of the judiciary act of 1789 (1 Stat. 84), provides, that final decrees and judgments of the district courts in civil actions, 'may be re-examined and reversed or affirmed in a circuit court * * * upon a writ of error, whereto shall be annexed and returned therewith, at the day and place

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

therein mentioned, an authenticated transcript of the record, assignment of errors and prayer for reversal, with a citation to the adverse party, signed by the judge of such district court, or a justice of the supreme court, the adverse party having at least twenty days notice.' The same section has a similar provision for writs of error from the supreme to the circuit court to review the judgments and decrees of the latter. And the twenty-fifth section has provisions in similar language for reviewing the decisions of the highest state courts in certain cases by the supreme court of the United States. The construction of these latter provisions, and consequently the construction of the similar provisions relative to writs of error from the circuit to the district courts, has been settled by the supreme court of the United States. Thus in the very late case of Gleason v. Florida, 9 Wall. [76 U. S.] 783, the supreme court say: 'But on looking into the record, we find no allowance of the writ. And this has been repeatedly held to be essential to the exercise by this court of reviewing jurisdiction over final judgments or decrees by the courts of the states.' So, in Hartford Fire Ins. Co. v. Van Duzer, the writ was dismissed because no allowance of the writ appeared in the record, the chief justice delivering the opinion of the court, said: 'That such allowance was indispensable to the jurisdiction of the court in error to review the judgment of the highest court of the state.' Id. 784, note. So, an appeal from the supreme court of the District of Columbia was dismissed by the supreme court of the United States, because there was 'no evidence in the record of any allowance of appeal, and without an allowance this court cannot acquire jurisdiction.' Pierce v. Cox, Id. 787. See, also, Edmondson v. Bloomshire, 7 Wall. [74 U. S.] 312. This settles the construction of the act of congress relating to writs of error, and appeals from the United States district courts, and as the same rules and regulations are made applicable to appeals from the consular courts of China and Japan, it settles the point in this case. The record shows no allowance of an appeal, and no citation, the latter being necessary, also, if the order allowing an appeal is not made in open court. This is implied, at least, from the case of Pierce v. Cox, supra, if a citation is not waived by appearance of the appellee. And it is expressly required by the provisions of the statute quoted. It is claimed, also, that this appeal, if taken at all, must have been taken out of court, as the petition for an appeal bears date several days after the date of the judgment; and it is claimed that there are no terms in the consular court, under the statute, and that as soon as judgment is entered, and the court for that occasion has adjourned, it is no longer an open court with reference to that case, and all subsequent allowances of appeals, must, necessarily be made out of court,

with respect to that case. Numerous authorities are cited to the point, but it is unnecessary now to determine it, upon the view taken, upon other objections. It will be the safer practice to issue and serve a citation."

I regret the necessity of dismissing the appeal in a case brought so far, but there is no record here upon which the court can take jurisdiction. Appeal dismissed, with costs.